TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Online Distribution, Inc.*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Online Distribution, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Kangaroo Manufacturing, Inc. and Justin Ligeri, <br> Defendants. | Case No.: <br><br><br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, ONLINE DISTRIBUTION, INC., BY AND

THROUGH COUNSEL, TRINETTE G. KENT, and for its Complaint against

Defendants pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 28 U.S.C § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

2. Plaintiff is incorporated in Michigan and its principal place of business is in Michigan.

3. Defendant Kangaroo Manufacturing, Inc. ("Kangaroo") is incorporated in Florida and its principal place of business is in Arizona.

4. Upon information and belief, Defendant Justin Ligeri maintains residences in both Florida and Arizona.

**PARTIES**

5. The Plaintiff to this lawsuit is Online Distribution, Inc. ("Online"), which is a Michigan Corporation with its principal place of business in the City of Wixom, Oakland County, Michigan.

6. The Defendants to this lawsuit are:

   a. Kangaroo Manufacturing, Inc. ("Kangaroo"), an Arizona corporation that conducts business in the State of Michigan; and

   b. Justin Ligeri, who resides in New York and conducts business in the State of Michigan.

**VENUE**

7.  Venue is proper before this court pursuant to 28 U.S.C. § 1391(b), as the
    Defendants conduct business in Michigan and a substantial part of the events or
    omissions giving rise to the claims herein occurred in the City of Wixom,
    Oakland County, Michigan.

**GENERAL ALLEGATIONS**

8.  Defendant Kangaroo is a manufacturer of consumer goods.  Kangaroo is
    owned, operated, promoted and managed by co-Defendant Ligeri.

9.  Kangaroo and Ligeri have garnered a large reputation on Amazon.com as
    successful sellers of goods.  Indeed, Ligeri holds the record for selling over
    $1,000,000 worth of goods in one day and over $10,000,000 of goods within
    one month.

10. Ligeri holds and, at all times relevant to the complaint, has held himself out as
    an expert in the field of selling consumer type goods online through
    Amazon.com.

11. Online is a reseller of consumer products on Amazon.com.

12. Online is owned and operated by Todd Snively.

13. Prior to May 26, 2017, Snively heard Ligeri speak at a marketing conference for
    high level Amazon sellers ("the conference").

3

14. Ligeri approached Snively during the conference to solicit Snively's business to sell the Kangaroo brand on Amazon.com.

15. At the conference, Ligeri stated to Snively that, if Online purchased goods from Kangaroo during the summer season, they would all sell by the end of the July 4, 2017 weekend based upon historical results and his expert opinion.

16. On or about May 29, 2017, Online, relying upon that statement, ordered $201,282.72 worth of goods from Kangaroo.

17. Online purchased these goods from Kangaroo to sell during the summer season of 2017, which began on May 29, 2017, and ended on July 4, 2017.

18. On or about May 30, 2017, Online wire transferred $201,282.72 to Kangaroo.

19. Online subsequently purchased other goods from Kangaroo and paid a total of $255,908.72 to Kangaroo for all of the purchased goods.

20. Kangaroo, in return, only delivered $170,163.60 worth of goods.

21. To date, Kangaroo never delivered $85,745.12 worth of goods for which Online paid Kangaroo.

22. Sales were slow, and Online did not sell all of the goods that it purchased by July 4, 2017.

23. On or about June 30, 2017, Online contacted Kangaroo to seek a refund for the amount of the unshipped goods.

24. Kangaroo agreed to give credits for the unshipped goods.

25. On or about July 18, 2017, Online again contacted Kangaroo to seek a refund for the unshipped goods.

26. Kangaroo, for the first time, stated that it does not accept returns.

27. To date, Kangaroo has not refunded any money to Online.

## COUNT I
## BREACH OF CONTRACT BY KANGAROO

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Online and Kangaroo entered into a contract whereby Online purchased goods from Kangaroo to be resold to consumers under Kangaroo's brand.

30. Online purchased $255,908.72 worth of goods from Kangaroo, but Kangaroo only shipped $170,163.60 worth of goods to Online.

31. Kangaroo has neither shipped the $85,745.12 worth of goods for which Online paid but never received, nor refunded any money to Online for the unshipped goods.

32. Kangaroo breached its contract with Online.

33. Online has been damaged by Kangaroo's breach of contract.

WHEREFORE, Plaintiff prays that this Court grant a judgment against Kangaroo for actual damages, costs, interest, attorneys' fees, and such other relief as this Court deems appropriate.

5

## COUNT II
## BREACH OF EXPRESS WARRANTY BY KANGAROO

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Kangaroo is a "merchant" as defined by the Arizona Uniform Commercial Code ("UCC"), A.R.S. § 47-2104(A).

36. Kangaroo is a "seller" as defined by the UCC, A.R.S. § 47-2103(A)(4).

37. Online is a "buyer" as defined by the UCC, A.R.S. § 47-2103(A)(1).

38. The goods that Online purchased from Kangaroo are "goods" as defined by the UCC, A.R.S. § 47-2105(A).

39. Kangaroo expressly warranted to Online that, if Online purchased goods from Kangaroo during the summer season, all of the goods would sell by the end of the July 4, 2017 weekend.

40. Kangaroo further expressly warranted to Online that it would deliver the goods for which Online paid Kangaroo.

41. Kangaroo's express warranties were part of the basis of the bargain between Online and Kangaroo.

42. Online relied upon Kangaroo's express warranties in deciding to purchase the goods from Kangaroo.

43. Kangaroo breached its express warranties to Online.

44. Online has suffered damages as a result of Kangaroo's breaches of its express warranties to Online.

WHEREFORE, Plaintiff prays that this Court grant a judgment against Defendant for actual damages, costs, interest, attorneys' fees, and such other relief as this Court deems appropriate.

**COUNT III**
**UNJUST ENRICHMENT BY ALL DEFENDANTS**

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Online paid a total of $255,908.72 to Kangaroo for all of the goods that it purchased.

47. Kangaroo only shipped $170,163.60 worth of goods to Online.

48. Kangaroo has neither shipped the $85,745.12 worth of goods for which Online paid but never received, nor refunded any money to Online for the unshipped goods.

49. Kangaroo and Ligeri have been unjustly enriched at the expense of Online.

50. Plaintiff has suffered damages as a result of Kangaroo's and Ligeri's unjust enrichment.

WHEREFORE, Plaintiff prays that this Court grant a judgment against Defendants for actual damages, costs, interest, attorneys' fees, and such other relief as this Court deems appropriate.

**COUNT IV**

7

## FRAUD AND MISREPRESENTATION BY ALL DEFENDANTS

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendants represented to Online that, if Online purchased the goods immediately after the conference, the goods would be sold by the July 4, 2017 weekend.

53. Defendants also stated that they would only select a few vendors to sell the goods manufactured by them.

54. The above representations were false.

55. Defendants, contrary to industry standard, competed with its selected vendors, including the Plaintiff, in selling its goods online via Amazon.com.

56. Defendants made the above representations with knowledge that they were false or made them recklessly, without any knowledge of their truth as positive assertions.

57. Defendants made the above representations with the intention to induce Online to purchase goods from Kangaroo.

58. Online justifiably relied on Defendants' misrepresentations and acted in reliance on the representations to its detriment.

59. Online has suffered damages as a result of Defendants' misrepresentations.

WHEREFORE, Plaintiff prays that this Court grant a judgment against Defendants for actual damages, exemplary damages, costs, interest, attorneys' fees, and such other relief as this Court deems appropriate.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant the following relief against Defendants:

a.  Actual damages;

b.  Exemplary damages;

c.  Costs, interest and reasonable attorneys' fees; and

d.  Such other and further relief this Court deems appropriate.

DATED: March 8, 2018

KENT LAW OFFICES

By:___/s/  Trinette G. Kent_____
Trinette G. Kent
Attorneys for Plaintiff,
Online Distribution, Inc.

9